IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Mary J. Vanderhorst, | ) | C/A No. 2:04-2280-JFA-RSC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jo Anne Barnhart, Commissioner, | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

This is an action brought by the plaintiff, Mary J. Vanderhorst, pursuant to Sections 42 U.S.C. §§ 205(g) and 1631(c)(3) the Social Security Act, as amended 42 U.S.C. § 405(g), to obtain judicial review of the "final decision" of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.

The plaintiff first applied for DIB on August 23, 2002. Her application was denied initially and upon reconsideration. She was granted a hearing before an Administrative Law Judge ("ALJ") before whom she appeared and testified with representation. The ALJ issued a decision on February 5, 2004 and found that the plaintiff was not disabled. The Appeals Council affirmed the ALJ's decision on May 14, 2004.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the

2

[Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The plaintiff was 51 years old at the time of the ALJ's decision. She has a high school education and prior work experience as a ward clerk and a nursing assistant. She claims disability since January 20, 2002 due to psoriasis, joint pain, hemorrhoids, and hypertension.

On February 5, 2004, the ALJ made the following findings of fact:

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in any substantial gainful activity since the alleged onset of disability.

3. The claimant's psoriasis with episodic cellulitis, arthritis of the right knee, ankle and foot, degenerative joint disease of the lumbar spine, and morbid obesity are considered to be "severe" based upon the requirements in the Regulations 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4,

3

>   particularly Listings 1.00 and 8.00 *et seq.*

5.  The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of this decision.

6.  The claimant has the following residual functional capacity to perform a full range of light work with a sit-stand option.

7.  The claimant's past relevant work as ward clerk did not require the performance of work-related activities precluded by her residual functional capacity. (20 C.F.R. § 404.1565).

8.  The claimant's medically determinable psoriasis with episodic cellulitis, arthritis of the right knee, ankle and foot, degenerative joint disease of the lumbar spine, and morbid obesity do not prevent the claimant from performing her past relevant work.

9.  The claimant is not under a "disability," as defined in the Social Security Act at any time through the date of the decision. (20 C.F.R. § 404.1520(e)).

The United States Magistrate Judge to whom this matter was referred has filed a comprehensive report and recommendation suggesting that the Commissioner's decision be reversed under Sentence Four of 42 U.S.C. §§ 405(g) and 1383(c)(3), with a remand of the cause to the Commissioner for further proceedings. Specifically, the Magistrate Judge opines that the ALJ did not sufficiently consider whether the plaintiff meets or equals listing 1.02(A) regarding major dysfunction of a joint. In addition, the Magistrate Judge notes that the ALJ incorrectly quoted the VE regarding past relevant work where the VE testified only as to exertional requirements.

The parties were advised of their right to file specific written objections to the Report and Recommendation, which was entered March 24, 2005. As of the date of this order,

neither party has submitted objections to the Report.

After a careful review of the record, this court finds the Magistrate's Report provides an accurate summary of the facts in the instant case and the findings are hereby specifically incorporated herein by reference. Accordingly, this action is reversed pursuant to Sentence Four of 42 U.S.C. §§ 205(g) and 1631(c)(3), 42 U.S.C. §§ 405(g) and 1383(c)(3) and this matter is remanded to the Commissioner for further proceedings as noted herein and in the Magistrate's Report and Recommendation.

IT IS SO ORDERED.

April 26, 2005
Columbia, South Carolina

s/ Joseph F. Anderson, Jr.
United States District Judge